### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN NORTON : | |
|     Plaintiff, : | |
| v. : | DOCKET NO. |
| : | |
| UNITRIN SAFEGUARD : | |
| INSURANCE COMPANY : | Civil Action |
| : | |
|     Defendant. : | |

### NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant, Unitrin Safeguard Insurance Company (hereinafter "Defendant"), hereby file the instant Notice of Removal. Defendant seeks to removal of this case from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant states as follows:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about December 29, 2022, Plaintiff served Defendant Unitrin Safeguard Insurance Company with a Complaint which was filed in the Court of Common Pleas, Philadelphia County, Pennsylvania under Docket Number 2212-01175. A copy of the Complaint, is attached hereto as Exhibit A.

2. The Complaint seeks damages in an amount in excess of $50,000. See Ex A, Wherefore Clause.

3. The Complaint alleges that defendant, an insurance company, is obligated to pay plaintiff's Underinsured Motorist (UIM) claim. See Ex. A, generally.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The United States District Court for the Eastern District of Pennsylvania is the appropriate Court in which to file this Notice of Removal because the State Court Action is pending in Philadelphia County, Pennsylvania. See 28 U.S.C. § 1441(a).

**COMPLETE DIVERSITY OF CITIZENSHIP**

6. There is complete diversity of citizenship between the parties.

(a) **Plaintiff**. Plaintiff, Kevin Norton, is a citizen of Pennsylvania, residing at 9220 Academy Road, Philadelphia, PA 19114. (See Complaint, at ¶ 1, Ex. A )

(b) **Defendant**. Defendant, Unitrin Safeguard Insurance Company, is incorporated in a state other than Pennsylvania and its principle place of business is located in a state other than Pennsylvania. Defendant, Unitrin Safeguard Insurance Company, is a Florida corporation with its principle place of business in Florida. Thus, Defendant is not a citizen of Pennsylvania and is diverse from the Plaintiff. Ex. A at ¶ 2.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

7. Plaintiff does not quantify the exact amount of damages he seeks to recover in this case in the Complaint. However, Plaintiff has alleged the following stemming from the accident:

a. Plaintiff Kevin Norton is claiming that he sustained multiple "serious and permanent" personal injuries and "aggravation of pre-existing conditions" causing "serious impairment of bodily function". Ex. A at ¶ 16. More specifically, plaintiff alleges multi-level cervical disc herniations with annular tears, multi-level cervical disc bulging, cervical

radiculopathy, lumbar radiculopathy, thoracic sprain and strain, cervical sprain and strain, lumbar sprain and strain and post traumatic headaches. Id. at ¶17. Plaintiff also alleges great financial detriment and loss, and has in the past, is presently and may in the future suffer great pain, anguish sickness and agony. Id. at ¶18. In addition, plaintiff alleges in his Complaint that he has suffered emotional injuries. Id. at ¶19. In addition, plaintiff alleges in his Complaint that as a result of his injuries he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity. Id. at ¶20. Further, plaintiff alleges in his Complaint that he will incur medical, rehabilitative and other related expenses.

7. Based upon the foregoing, plaintiff has in fact pled that damages will exceed $75,000.

8. Where a federal cause of action is based on diversity jurisdiction, the Complaint must allege an amount in controversy between the parties in excess of the statutory minimum. See 28 U.S.C. § 1332(a); Golden v. Golden, 382 F.3d 348, 354-355 (3d Cir. Pa. 2004). The amount need not be proven; rather, the amount is judged from the face of the Complaint and is generally established by a good faith allegation. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 82 L. Ed. 845, 58 S. Ct. 586 (1938); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

9. Defendant denies the allegations in the Complaint and the claims tendered to defendant. However, taking those allegations on their face as true, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the pleadings attached hereto as Ex. A demonstrate an amount in controversy in excess of $75,000.

10. Given the complete diversity of the parties and an amount in controversy in excess

of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441.

## OTHER ISSUES

11.　This Notice of Removal is timely filed.  See 28 U.S.C. § 1446(b).

12.　This Notice of Removal has been served on Plaintiff's counsel.

13.　The undersigned counsel hereby certifies that there are no hearings set before the Court of Common Pleas, Philadelphia County, Pennsylvania from which this case is removed, and all relevant pleadings and process files therein are attached hereto.

## CONCLUSION

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332.  Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

**Wherefore**, Defendant requests that the action now pending before the Court of Common Pleas, Philadelphia County, Pennsylvania, Docket No. 2212-01175, be removed to this Honorable Court.

**Respectfully submitted,**

**Stickley Law, LLC**

Dated:  1/13/2023

**By:** *Robert S. Stickley*
　　　Robert S. Stickley
　　　Attorneys for Defendant,
　　　Unitrin Safeguard Insurance Company
　　　Identification No.  80849
　　　90 S. Newtown Street Rd. Suite 11
　　　Newtown Square, PA 19073
　　　T: 484.420.4184
　　　rstickley@stickley.law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN NORTON : | |
|     Plaintiff, : | |
| v. : | DOCKET NO. |
| : | |
| UNITRIN SAFEGUARD : | |
| INSURANCE COMPANY : | Civil Action |
| : | |
|     Defendant. : | |

**CERTIFICATE OF SERVICE**

    I, Robert S. Stickley, do hereby certify that a true and correct copy of the foregoing Notice of Removal was served on all counsel of record via email on the date indicated below and to the office indicated below:

Spear Greenfield Richman Weitz & Taggart, P.C.
Marc F. Greenfield, Esquire
2 Penn Center
1500 JFK Blvd., Suite 200
Philadelphia, PA 19102
efile@injuryline.com

**Stickley Law, LLC**

Dated: 1/13/2023      **By:** *Robert S. Stickley*

    Robert S. Stickley
    Attorneys for Defendant,
    Unitrin Safeguard Insurance Company
    Identification No.  80849
    90 S. Newtown Street Rd., Suite 11
    Newtown Square, PA 19073
    T: 484.420.4184
    rstickley@stickley.law